UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-CIV-22022-KING/BECERRA

SARAH PARRA,

    Plaintiff,

v.

LEXISNEXIS RISK SOLUTIONS FL INC.,

    Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, LEXISNEXIS RISK SOLUTIONS FL INC. ("LNRS" or "Defendant"), by and through undersigned counsel and pursuant to Fla. R. Civ. P. 1.140, hereby answers the numbered paragraphs of the Complaint filed by Plaintiff Sarah Parra and presents its Affirmative Defenses, as follows:

**"GENERAL ALLEGATIONS"**

1. Defendant admits that this purports to be an action for unpaid wages and damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"); the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"); and the Equal Pay Act of 1963, 29 U.S.C § 206, *et seq.* ("EPA"). However, Defendant denies that it violated the FLSA, the FCRA or the EPA, and further denies that Plaintiff is entitled to any relief. Otherwise, denied.

2. Defendant is presently without knowledge sufficient to admit or deny the allegations as to Plaintiff's current residence and therefore denies the allegations.

3. Defendant admits only that LEXISNEXIS RISK SOLUTIONS FL INC. conducts business in Miami-Dade County, Florida, that Plaintiff worked for that Company at certain times,

and that it is engaged in interstate commerce or in activity affecting interstate commerce. Otherwise, denied.

4. Defendant admits only that venue is proper in the United States District Court for the Southern District of Florida, Miami Division. Defendant denies the remaining allegations in paragraph 4 of Plaintiff's Complaint.

5. Defendant admits that this purports to be an action for declaratory, injunctive, legal and equitable relief together with attorney's fees, costs and damages, but denies that Plaintiff is entitled to any relief. Otherwise, denied.

6. Defendant is presently without knowledge sufficient to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint and therefore denies the allegations.

## "FACTUAL ALLEGATIONS COMMON TO ALL COUNTS"

7. Admitted.

8. Defendant admits that Plaintiff accepted a job in the Business Services division of LexisNexis working from home in Florida. Defendant is presently without knowledge sufficient to admit or deny the allegations regarding Plaintiff's reasons for her relocation, and therefore denies the allegations. Otherwise, denied.

9. Defendant admits that Plaintiff at certain times was a Business Project Manager and that Plaintiff could not hire or fire other employees. Otherwise, denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Defendant admits that Mark Luber is the Senior Vice President. Otherwise, denied.

17. Denied.

18. Defendant admits that Cheryl Franklin was the Program Manager. Otherwise, denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Defendant is presently without knowledge sufficient to admit or deny whether Tony Caram called and texted Plaintiff, and therefore denies the allegations. Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Denied.

26. Denied.

27. Denied.

28. Defendant admits that it sent a letter to Plaintiff but is presently without knowledge sufficient to admit or deny the remaining allegations in Paragraph 28 of Plaintiff's Complaint, and therefore denies the allegations.

29. Denied.

30. Defendant admits that on August 1, 2017, Plaintiff sent Mr. Hahn an email claiming that she did not resign from the company. Otherwise, denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

### "COUNT I
*Discrimination in Compensation*
*Equal Pay Act of 1963, 29 U.S.C. § 206, et seq."*

39. Defendant readopts and realleges its responses to Paragraphs 1-38 as if fully set forth herein.

40. Admitted.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 44 of Plaintiff's Complaint.

### "COUNT II
*Gender Discrimination in Violation of the FCRA"*

45. Defendant adopts and realleges its responses to Paragraphs 1-38 as if fully set forth herein.

46. Admitted.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 55 of Plaintiff's Complaint.

## "COUNT III
### *Wage & Hour Federal Statutory Violation*"

56. Defendant adopts and realleges its responses to Paragraphs 1-38 as if fully set forth herein.

57. Defendant admits that this purports to be an action for unpaid minimum wage and/or overtime compensation, as well as other damages under the FLSA, but denies that it violated the FLSA and further denies that Plaintiff is entitled to any relief.

58. Admitted.

59. Admitted.

60. Admitted.

61. Defendant admits that Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of filing the Complaint, but denies that Plaintiff is entitled to any such relief.

62. Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 62 of Plaintiff's Complaint.

## "JURY DEMAND"

63. Defendant admits that Plaintiff has demanded a jury trial.

## GENERAL DENIAL

64. Defendant denies each and every allegation of fact and conclusion of law contained in Plaintiff's Complaint that has not been expressly admitted in the foregoing numbered paragraphs.

## AFFIRMATIVE DEFENSES

65. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

66. All actions taken by Defendant with regard to Plaintiff's employment were based on legitimate business reasons unrelated to Plaintiff's protected status or protected activity, if any.

67. All actions taken by Defendant with regard to Plaintiff's employment were for good cause.

68. Any recovery by Plaintiff must be reduced, in whole or in part, because and to the extent that Plaintiff failed or refused to take reasonable efforts to mitigate Plaintiff's damages.

69. Defendant reserves the right to assert a mixed motive defense because, even if Plaintiff proves that there was an improper motivating factor in the challenged employment decision(s), which Defendant denies, the adverse employment decision(s) at issue would have been made anyway even in the absence of any such improper factor.

70. If any improper or unlawful act was taken by any LNRS employee against Plaintiff, it was outside the course and scope of that employee's employment, contrary to LNRS's policies, and was not ratified, confirmed or approved by LNRS. Thus, any such actions cannot be attributed or imputed to Defendant.

71. Upon information and belief, and upon that basis, after-acquired evidence of Plaintiff's acts and/or omissions bars Plaintiff from any remedy, or certain remedies, and/or warrants a reduction in any damages to which Plaintiff claims he is entitled.  Even assuming for the sake of argument that there was some improper motivation—a contention that Defendant vehemently denies—Defendant would have taken the same employment actions regarding Plaintiff's employment even in the absence of any such impermissible motive.

72. Plaintiff is not entitled to punitive damages because no managing agent of Defendant engaged in any act demonstrating the requisite malice or reckless indifference to Plaintiff's protected rights under the FCRA, and because Defendant has engaged in good faith efforts to comply with Plaintiff's statutorily protected rights under the FCRA.

73. Any pay differential between Plaintiff and an employee of the opposite sex to whom she seeks to compare herself are based on seniority, merit, quantity or quality of production, and/or a factor other than sex.

74. Plaintiff was properly compensated for the hours she worked, in accordance with applicable law.

75. The damages of Plaintiffs are limited by the provisions of the FLSA.

76. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, any recovery by Plaintiff may be entitled to as a result of this action must be off-set or reduced by overpayments made by Defendant to Plaintiff and/or by any amounts of compensation and benefits that Plaintiff would not have otherwise received but for any overtime work or by any amounts of compensation and benefits that Plaintiff received for projects not performed or not performed properly.

77. Defendant is not liable for any alleged unpaid minimum wage or overtime compensation because Plaintiff's employment with Defendant fell within one or more statutory exemptions to the minimum wage and/or overtime provisions of the FLSA. Without limiting the application of the foregoing, Plaintiff was employed in an exempt administrative capacity because she was compensated on a salary basis within the meaning of the FLSA and her primary duty was the performance of office or non-manual work directly related to the management or general business operations of the Defendant and/or its customers and her primary duty included the exercise of discretion and independent judgment with respect to matters of significance. *See* 29 C.F.R. § 541.200 et seq. Moreover, Plaintiff performed a combination of exempt duties within the meaning of 29 C.F.R. § 541.708.

78. Plaintiff's claims and the time for which Plaintiff seeks compensation under the FLSA are de minimis. Plaintiff's claims are thus barred by the de minimis doctrine.

79. Defendant reserves the right to assert such additional defenses as may appear applicable during the course of this litigation.

WHEREFORE Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Defendant its costs and reasonable attorney's fees incurred

in this action, and provide any such other and further relief as this Court deems just and proper.

Dated: June 28, 2019.

>Respectfully submitted,
>
>OGLETREE, DEAKINS, NASH,
>SMOAK & STEWART, P.C.
>9130 S. Dadeland Boulevard, Suite 1625
>Miami, Florida 33156
>Telephone: 305.374.0506
>Facsimile: 305.374.0456
>
>
><u>Christopher P. Hammon</u>
>Christopher P. Hammon
>Florida Bar No. 176753
>chris.hammon@ogletreedeakins.com
>Steven S. Cula
>Florida Bar No. 1002949
>steven.cula@ogletreedeakins.com
>
>*Counsel for Defendant, LexisNexis Risk Solutions Fl. Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 28, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Christopher P. Hammon
Christopher P. Hammon

## **SERVICE LIST**
*Sarah Parra v. LexisNexis Risk Solutions Fl. Inc.*
*United States District Court for the Southern District of Florida*
CASE NO. 19-CIV-22022-KING/BECERRA

Anthony M. Georges-Pierre
agp@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: 305.416.5000
Facsimile: 305.416.5005

*Counsel for Plaintiff, Sarah Parra*

Method of Service:  CM/ECF

Christopher P. Hammon
chris.hammon@ogletreedeakins.com
Steven S. Cula
steven.cula@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard, Suite 1625
Miami, FL 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant, LexisNexis Risk Solutions Fl. Inc.*

38865093.2